11-14-cr
*United States v. Guzman-Betancourt*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of March, two thousand and twelve.

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
ROBERT D. SACK,

*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

*Appellee,*

v.                                                        No. 11-14-cr

JUAN CARLOS GUZMAN-BETANCOURT,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**      BARCLAY JOHNSON, Assistant Federal Public Defender (Steven L. Barth, Assistant Federal Public Defender, *of counsel*), for Michael L. Desautels, Federal Public Defender, Office of the Federal Public Defender, Burlington, VT.

**FOR APPELLEE:**                                    TIMOTHY C. DOHERTY, JR., Assistant United
                                                     States Attorney (Gregory L. Waples, Assistant
                                                     United States Attorney, *of counsel*), *for* Tristram
                                                     J. Coffin, United States Attorney for the
                                                     District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Juan Carlos Guzman-Betancourt appeals from a thirty-month prison sentence imposed on December 13, 2010, following his plea of guilty to one count of illegally reentering the United States after having been previously deported. in violation of 8 U.S.C. § 1326(a).

We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.") (internal citation and quotation marks omitted). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). With respect to procedural error, we have explained that

> [a] district court commits procedural error where it fails to calculate the Guidelines range, . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range.

*Id.* at 190 (internal quotation marks and citations omitted). With respect to substantive reasonableness, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Id.* at 189. Rather, we will only set aside a district court's substantive determination "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

## I.

Guzman-Betancourt argues first that the District Court procedurally erred in imposing a three-level upward departure in his criminal history category, from category III to category VI, in light of his foreign criminal convictions. Specifically, the District Court added three levels to Guzman-Betancourt's criminal history category to account for a 2005 conviction in the United Kingdom ("U.K.") on two counts of burglary and another 2005 conviction in Ireland on one count of burglary, and four counts of making a gain by deception.[1] Guzman-Betancourt contends that there was no reliable information sufficient to permit the consideration of these two convictions.

As a preliminary matter, we note that the Government argues that this contention is subject only to plain-error review because Guzman-Betancourt did not raise this reliability contention in the District Court. Guzman-Betancourt contends that the issue was raised when he argued that "'[a] criminal history departure/variance is not warranted'" (Appellant's Reply Br. at 10 (citing his Sentencing Memorandum)) and when his attorney stated "we don't really know the details" of Guzman-Betancourt's last "foreign conviction" and suggested that his 42-month sentence on that conviction was for a "petty" offense. (*See id.* at 11). Neither the broad statement in the memorandum that a criminal-history departure was unwarranted nor counsel's profession of ignorance as to the details of the U.K. conviction—a sentence fragment in the middle of counsel's argument that spanned some nine pages of transcript—was sufficient to "br[ing] to the [District Court's] attention," Fed. R. Crim. P. 52(b), Guzman-Betancourt's present contention that the information concerning his foreign convictions was unreliable. Where a defendant "did not specifically raise []his argument below," he is not entitled to more than plain error review. *United States v. Rappaport*, 999 F.2d 57, 59 (2d Cir. 1993).

Regardless of the standard of review, however, it is clear in the present case that the District Court committed no error, much less one that meets the plain-error standard, *see generally Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *United States v. Olano*, 507 U.S. 725, 732 (1993). A district court may depart to a higher criminal history category "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). The Guidelines make clear that "reliable information" may include "[p]rior sentence(s) not used in computing the criminal history category (*e.g.*, sentences used for foreign and tribal offenses)." *Id.* § 4A1.3(a)(2)(A). We review *de novo* whether a particular factor is a permissible

---

[1] Guzman-Betancourt was sentenced to forty-two months' imprisonment on the burglary counts in the United Kingdom, but escaped from Her Majesty's Prison at Stanford Hill on June 6, 2005. Shortly thereafter, he was arrested in Ireland, and ultimately sentenced to two years on the burglary count and eighteen months on the deception counts, to be served concurrently.

basis for a departure. *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir. 2003).

Guzman-Betancourt's argument is virtually foreclosed by our decision in *Simmons*, where we approved a district court's upward departure under § 4A1.3(a)(1) based on foreign convictions. *See* 343 F.3d at 78–79. As in *Simmons*, the crimes for which Guzman-Betancourt was convicted in the U.K. and Ireland—two common law countries with legal traditions similar to our own—are not obscure. *See id.* at 79. Guzman-Betancourt, who was in the best position to describe the nature of these offenses, never suggested that his foreign convictions "were something other than what they seem," *id.*—that is, for something other than burglary and fraud. Furthermore, based on the sentences he received, it does not appear that these were merely "petty thefts and frauds," as Guzman-Betancourt characterizes them. There is, in short, no basis for his argument that the information relating to his prior foreign convictions was unreliable. Accordingly, we conclude that the District Court did not err, let alone plainly err, by considering these convictions in departing upward.

## II.

Guzman-Betancourt also argues that the District Court procedurally erred by failing to consider all of the sentencing factors under 18 U.S.C. § 3553(a) and failing to adequately explain its chosen sentence. A sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c) (2006). The primary interest served by this requirement is "to ensure that district courts actually consider the statutory factors and reach reasoned decisions." *Cavera*, 550 F.3d at 193. "'In determining whether the district court has considered the appropriate factors, we do not require robotic incantations by the sentencing judge. In the absence of record evidence suggesting otherwise, we presume that the district court has faithfully discharged its duty to consider the § 3553(a) factors.'" *United States v. Payne*, 591 F.3d 46, 71 (2d Cir. 2010) (quoting *United States v. Carr*, 557 F.3d 93, 107 (2d Cir. 2009) (internal quotation marks and citations omitted)).

Nothing in the record suggests that the District Court failed to discharge its duty in this case. To the contrary, the District Court clearly stated that it had considered the statutory factors and concluded that a thirty-month sentence—that is, one higher than Guzman-Betancourt's requested sentence of time served, but well short of the Government's request of the ten-year statutory maximum—was "the appropriate sentence under the guidelines and also under Section 3553(a)." The record of the sentencing hearing also makes clear that the District Court considered—and accepted—Guzman-Betancourt's arguments that he should be entitled to a two-level reduction for acceptance of responsibility and that he had already been punished for many of the crimes he had committed in the past. That the Court rejected Guzman-Betancourt's other arguments in mitigation does not mean that they were not considered.

4

**III.**

Finally, Guzman-Betancourt argues that the thirty-month sentence imposed by the District Court was substantively unreasonable. A challenge to the substantive reasonableness of a sentence "reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (quoting *Gall*, 552 U.S. at 56). We will reverse a sentence based on substantive unreasonableness only in those "few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Under this standard, we have no difficulty in concluding that the thirty-month sentence imposed by the District Court, even though above the technical Guidelines range, was not shockingly high. Guzman-Betancourt pleaded guilty to illegal reentry, having already been convicted of this crime twice before and having been previously deported from the United States four times. In 1996, he was sentenced to eighteen months' imprisonment by a federal judge in Florida for illegal reentry. In the time between that sentence and his arrest for illegal reentry in this case, Guzman-Betancourt: (1) attempted to illegally reenter the United States, but was refused entry; (2) was convicted in New York of grand larceny and jailed for nine months; (3) was convicted in the U.K. for burglary and sentenced to 42 months imprisonment; (4) escaped from prison in the U.K.; (5) was convicted of burglary and deception in Ireland and sentenced to two years' imprisonment; (6) was charged with property crimes in Las Vegas and Switzerland; and (7) illegally entered the United States once again. It is clear that Guzman-Betancourt's previous periods of incarceration have not deterred him from a life of crime. Therefore, it was entirely reasonable for the District Court to conclude that "there needs to be a ratcheting up [of the] sentence" from the eighteen-month sentence he had received for his previous illegal-reentry conviction. In light of these facts, the resulting thirty-month sentence was not "shockingly high . . . or otherwise unsupportable." *Rigas*, 583 F.3d at 123.

**CONCLUSION**

We have considered all of Guzman-Betancourt's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the sentence imposed by the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5